**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID HELLER, individually and on
behalf of all others similarly situated,

      Plaintiff-Appellee,

v.

QUOVADX, INC.; LORINE R.
SWEENEY; and GARY T.
SCHERPING,

      Defendants-Appellees,

-----------------------------------------------

WILLIAM S. KARN,

      Appellant.

No. 07-1110
(D.C. No. 04-cv-00665-RPM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO, HARTZ**, and **GORSUCH**, Circuit Judges.

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

William S. Karn, an attorney representing himself, appeals from the district court's denial of his objection to a settlement agreement in a class action suit involving Quovadx, Inc., of which Mr. Karn is a shareholder. Because we agree with the district court that Mr. Karn lacks standing to object to the settlement, and because Mr. Karn's filings before the district court and this court fail to identify any relevant evidence or legal authority supporting his various theories about class action litigation, we affirm.

* * *

On April 5, 2004, David Heller brought suit against Quovadx and two of its officers, Lorine R. Sweeney and Gary T. Scherping, on behalf of all open-market purchasers of Quovadx shares during the period from October 22, 2003 to March 15, 2004. Mr. Heller alleged that defendants had intentionally issued false and misleading financial statements during that period in aid of Quovadx's cash and stock acquisition of Rogue Wave Software. The litigation proceeded with the typical motions and filings involved in such class action shareholder suits, and eventually the parties entered into settlement discussions. In November 2006, the parties came to an agreement and filed a stipulation of settlement, and Mr. Heller filed an unopposed motion for court approval of the settlement. The district court subsequently granted preliminary approval, scheduled a fairness hearing, and ordered notice of the proposed settlement to all class members.

On December 28, 2006, Mr. Karn filed an objection to the settlement – the only objection lodged by any party against the proposed settlement. Although Mr. Karn purports to be a Quovadx shareholder, he does not claim to be a member of the class of shareholders represented by Mr. Heller (those who purchased shares between October 22, 2003 and March 15, 2004). In his objection, Mr. Karn essentially argued that the defendant corporate officers, and not the corporation itself, should have to pay any settlement or judgment for the alleged harm to the class members. Mr. Karn followed his objection with a number of motions in the district court, asking, among other things, that the court charge the parties in the suit and their counsel with violations of the Sherman Act, 15 U.S.C. § 1 (illegal restraints of trade), that the court rule on the constitutionality of class action lawsuits writ large, and that the court allow Mr. Karn to file litigation documents by posting them on his website and announcing the posting by email to the court and other parties.

The district court denied all of Mr. Karn's motions but postponed ruling on his objection to the settlement until the fairness hearing, scheduled for February 23, 2007. At the fairness hearing, the court denied Mr. Karn's objection and granted final approval of the proposed settlement. On February 26, 2007, the court issued a written order denying Mr. Karn's objection, citing as its reasons: 1) Mr. Karn did not "identify any purchases of Quovadx stock within the class period and therefore has no standing to make an objection"; and 2) Mr. Karn's

statements to the court "did not constitute valid objections." Feb. 26, 2007, Order Denying Shareowner Objection. The court also ordered that a so-called "memorandum of law" – filed by Mr. Karn one day before the fairness hearing – be stricken from the record because its contents were "irrelevant." *Id.* Mr. Karn filed a timely notice of appeal.

* * *

Mr. Karn's appeal apparently only concerns the district court's denial of standing for Mr. Karn's objection. Specifically, he presents two questions to this court: 1) whether the district court's denial of standing violated his Fifth Amendment rights of due process; and 2) whether the denial of standing violated the Takings Clause of the Fifth Amendment. For at least three independent reasons, we affirm the district court's denial of Mr. Karn's objection to the proposed settlement.

First, we affirm because Mr. Karn fails to appeal the district court's second, independent ground for denying his objection – namely, its conclusion that Mr. Karn, standing or no standing, simply did not raise any valid objection. *See Metzger v. UNUM Life Ins. Co. of Am.*, 476 F.3d 1161, 1168 (10th Cir. 2007) (affirming because appellant did not challenge on appeal the district court's "second, independent ground" for judgment).

Second, we affirm because we agree that Mr. Karn indeed lacked standing to object to the proposed settlement. Rule 23(e)(4) of the Federal Rules of Civil

Procedure provides only that "class member[s] may object to a proposed settlement." As such, "non-class members have no standing to object . . . ." *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989). It is undisputed that Mr. Karn is not a class member in this suit, or at least he has never presented to this court or the district court any evidence suggesting membership, and therefore he has no standing to object under Rule 23. Rather, "[i]nterjection of the opposing views of non-class members [such as Mr. Karn] should proceed via intervention under Rule 24." *Id.* Mr. Karn has never attempted to intervene, nor does he present to us any evidence or argument suggesting that he would qualify for intervention under Rule 24.

Third, and finally, we affirm the district court because Mr. Karn presents no evidence or relevant legal argument to support his contentions that such a denial of standing violates the Fifth Amendment. *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) ("Because appellants have failed to support this [argument] with any authority, legal or otherwise, we need not consider it."). Instead of providing this court with case citations to support his appeal, Mr. Karn spends the bulk of his brief noting the inefficiencies and burdens of paper-based litigation and advocating the adoption of electronic filing systems. We do not doubt that technological innovation presents great opportunities for the judiciary. But we disagree with Mr. Karn that the current

procedural requirements with which he must comply deprive him or others of any constitutional rights. *Affirmed.*[1]

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[1] Appellees' motion to dismiss is denied as moot.